**3** THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN PRATT, Appellant. [621 NYS2d 148] —Mikoll, J. Appeal from a judgment of the County Court of Rensselaer County (Aison, J.), rendered February 20, 1992, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the fifth degree.

Defendant, in a negotiated reduced plea, agreed to plead guilty to one count of criminal possession of a controlled substance in the fifth degree in full satisfaction of all charges against him. In return, defendant was offered a prison sentence of 2 to 4 years, with the court making the sentence contingent on defendant's not being arrested or convicted of any crime between the plea and sentence. In the event of such a happenstance, defendant could receive a harsher sentence with the option of withdrawing his plea.

Defendant was in fact charged with the commission of a felony before sentence. On February 20, 1992, he appeared before County Court and was offered the option of withdrawing his plea of guilty, having a hearing to determine whether he had actually committed a crime between his plea and sentencing, or proceeding with the plea agreement but with an enhanced prison sentence of 2½ to 5 years. Defendant, after consultation with his attorney, agreed to continue with the plea agreement and was sentenced to 2½ to 5 years.

On this appeal, defendant argues that his waiver of appeal executed on October 15, 1991 was not an effective waiver of his right to appeal the sentence rendered February 20, 1992. Defendant contends that in failing to demand of him the execution of a second waiver of appeal, there is no bar to an

appeal by him of his February 20, 1992 sentence. We disagree. The record indicated that the plea and proceedings before County Court on October 15, 1991 and continued on February 20, 1992 are part of a single plea agreement. We thus hold that defendant waived his right to appeal as a condition of his plea bargain. Defendant's right to appeal is relegated only as to the question of illegality of sentence or lack of voluntariness of the plea, issues he does not raise *(see, People v Seaberg,* 74 NY 1, 10).

Cardona, P. J., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is affirmed.